IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PATRICIA A. MARSHALL,

        Plaintiff,

    v.

CHRISTOPHER B. FARMER,

        Defendant.

Case No. 3:20-cv-00703-AC

ORDER TO DISMISS

IMMERGUT, J.

    Plaintiff, an adult in custody at the Coffee Creek Correctional Facility, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the court granted plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the court dismisses plaintiff's Complaint.

1 - ORDER TO DISMISS

## BACKGROUND

In the caption of her Complaint, plaintiff identifies as the sole defendant Christopher B. Farmer, a Reverend at Unity of Beaverton in Beaverton, Oregon. At page three of the Complaint, however, plaintiff identifies ten additional individuals as defendants, all of whom appear to be associated with Unity of Beaverton in some respect.

Plaintiff alleges she brings her claims under the "Human Rights Act." She alleges she has been denied her right to be free from defamation, slander, libel, domestic violence, sexual abuse, verbal, physical, and relational bullying, and other forms of harassment at the hands of defendant Farmer and the other identified individuals. By way of remedy, plaintiff seeks money damages.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

2 - ORDER TO DISMISS

**DISCUSSION**

**I.      Procedural Deficiency**

Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." As noted, plaintiff names one individual as defendant in the caption of her Complaint, but at page three identifies an additional ten individuals. Should plaintiff file an Amended Complaint curing the substantive deficiencies noted below, the Court advises plaintiff to clearly identify all intended defendants in the caption thereof.

**II.     Substantive Deficiencies**

    **A.     Federal Courts are Courts of Limited Jurisdiction**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Federal jurisdiction may be based upon the presence of a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331, 1332. To invoke federal question jurisdiction, a plaintiff must plead that the defendant has violated some constitutional or statutory provision. To establish diversity jurisdiction, a plaintiff must allege that he or she is a citizen of one state, that all of the defendants are citizens of other states, and that the damages are more than $75,000.

In her Complaint, Plaintiff does not indicate any basis for jurisdiction. She alleges violation of the "Human Rights Act" against defendants who appear to be citizens of this state. As such, this Court lacks diversity jurisdiction. Plaintiff also cites no federal constitutional, statutory, or treaty right at issue. Because Plaintiff fails to identify a basis for federal jurisdiction, this Court lacks

3 - ORDER TO DISMISS

subject matter jurisdiction and must dismiss the Complaint. *See* Fed. R. Civ. P. 12(h)(3) (court is required to dismiss an action if the court determines that it lacks subject matter jurisdiction); *see also Butler v. Forest Grove Police Department*, Case No. 3:16-cv-02403-SI, 2017 WL 57129 (D. Or. Jan. 4, 2017) (dismissing Complaint for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)).

### B.    Supplemental Jurisdiction over State Law Claims

As to any purported state law claims alleged in the Complaint, while the court may exercise supplemental jurisdiction over state law claims, a plaintiff must first have a cognizable claim for relief under federal law. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

As noted above, plaintiff has not stated a cognizable claim for relief under federal law. Accordingly, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims and those claims are dismissed.

### CONCLUSION

Based on the foregoing, the Court DISMISSES plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order.

Plaintiff is advised that failure to file an Amended Complaint will result in the dismissal of this proceeding.

    IT IS SO ORDERED.

    DATED this 27th day of May, 2020.

*Karin J. Immergut*
Karin J. Immergut
United States District Judge

5 - ORDER TO DISMISS